# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EARL EUGENE BATES, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-01946-LSC-SGC |
| JASON BECKER, JR., *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on April 22, 2021, recommending this action be dismissed without prejudice pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* for the plaintiff's failure to prosecute. (Doc. 10). The plaintiff, Earl Eugene Bates, Jr., filed a response, which the court will construe as objections to the report and recommendation. (Doc. 11).

For background purposes, on December 7, 2020, Bates filed the 42 U.S.C. § 1983 complaint in this action, demanding his release from prison on the grounds the defendants detained him past his "sentence date" and "resentenced" him. (Doc. 1 at 5-6). On December 18, 2020, the magistrate judge ordered Bates to notify the court within 15 days whether he intended to continue with this action pursuant 42 U.S.C. § 1983 and correct the deficiencies identified in the order or, instead, intended to dismiss this action and file a habeas petition. (Doc. 3 at 2-3).

On January 19, 2021, Bates filed an amended complaint in this action in which he makes essentially the same claim and request for relief. (Doc. 5). The same day, Bates filed a petition for writ of habeas corpus in this district court. *Bates v. Becker*, Case No. 21-0086 at Doc. 1 (N.D. Ala. filed Jan. 19, 2021). On February 19, 2021, the magistrate judge entered an order in this action requiring Bates pay an initial partial filing fee of $2.46 and submit a signed prisoner consent form within 30 days. (Doc. 6). Meanwhile, in the habeas action the magistrate judge ordered Bates to pay the $5.00 filing fee within 30 days or risk dismissal of the action. Case No. 21-0086 at Doc. 4. Bates paid the $5.00 filing fee in the habeas action as directed.[1]

In this action, Bates returned the prisoner consent form but did not pay the partial filing fee within the time prescribed. On March 26, 2021, the magistrate judge ordered Bates to show cause within 15 days why the court should not dismiss this action for failure to pay the partial filing fee. (Doc. 9). Bates failed to comply with or otherwise respond to the order. Therefore, the magistrate judge entered a report on April 22, 2021, recommending this action be dismissed without prejudice for the plaintiff's failure to comply with or otherwise respond to the March 26, 2021 order. (Doc. 10).

---

[1] The Clerk's office possesses a record of this payment, which clearly specifies the $5.00 was to be applied to the habeas action, *i.e.* Case No. 21-0086.

In his response construed as objections to the April 22, 2021 report and recommendation, Bates alleges he sent a $5.00 money order to the district court located in Huntsville, Alabama, expressly for payment of the partial filing fee in this case. (Doc. 11 at 1). He requests the Clerk be directed to retrieve the $5.00 money order from Huntsville and apply the payment to this action. Because the $5.00 payment amount and the record evidence in the Clerk's office unequivocally demonstrate Bates did not make any payment toward the partial filing fee in this action, the court **OVERRULES** his objections. More than five months have elapsed without payment of the $2.46 partial filing fee in this case.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the court **ADOPTS** the magistrate judge's report **ACCEPTS** her recommendation. Therefore, this action is due to be dismissed without prejudice pursuant to Rule 41(b) of the *Federal Rules of Civil Procedure* for the plaintiff's failure to prosecute.

A Final Judgment will be entered.

**DONE** and **ORDERED** on September 2, 2021.

_____
L. Scott Coogler
United States District Judge

160704